# GUN-TEX, INC. v METROPOLITAN DADE COUNTY, et al.

## Case No. 85-126 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

December 12, 1986

### APPEARANCES OF COUNSEL

**Martin Lemlich** and **Willard Splittstoesser** for appellant.

**Robert A. Ginsburg,** Dade County Attorney, and **Jason Brown,** Assistant County Attorney, for appellee.

Before HENDERSON, SHAPIRO, MASTOS, JJ.

### OPINION OF THE COURT

SIDNEY SHAPIRO, Judge.

Appellant, GUN-TEX, INC., challenges a decision of the Dade

County Unsafe Structures Board ordering the demolition of a structure on Appellant's property. We affirm the decision for the reasons set forth herein.

In March, 1982, GUN-TEX received a citation setting forth a number of defects in a structure the company owned. The matter was heard by the Unsafe Structures Board of Metropolitan Dade County who granted GUN-TEX forty-five (45) days to secure permits to repair the structure or demolish same. The Order required GUN-TEX to complete the repairs within ninety (90) days after getting the permits.

GUN-TEX appealed the Order of the Board which appeal was ultimately dismissed for lack of prosecution.

GUN-TEX obtained a permit for the repairs on March 30, 1983, nine months after the Board heard the case. A reinspection of the premises on July 8, 1984, revealed the structure in the same unrepaired and severely deteriorated condition. The amount of repairs estimated by the inspector totaled 88% of the building's then current value.

On July 10, 1984, GUN-TEX was again notified of the unsafe condition of the structure. The defects were listed and attached to the notice sent GUN-TEX. The company was requested to demolish the building within thirty (30) days. Eight months later, GUN-TEX was sent a notice of hearing to show cause why the building officials' decision to demolish the structure should not be carried out. The hearing was held on April 9, 1985. Additional evidence was reviewed. Appellant's excuses were the same as before.

The Board considered dozens of pictures portraying the rotted condition of the structure and the report of the inspector detailing the deterioration. There were visible signs of termites and rats throughout the building, roof leaks, falling ceilings and missing plumbing. The inspector testified there had been no significant repairs to the structure since his first inspection in 1982.

The Board was presented with substantial competent evidence that the building was unsafe and subject to demolition pursuant to the applicable provisions of the South Florida Building Code. The decision of the Board was eminently correct.

Appellant's second contention that it was denied due process is without merit. Proper notice was given. GUN-TEX appeared before the Board through its principal stockholder and attorney and with witnesses.

At the hearing conducted in 1982, the Board was sympathetic and

168

allowed GUN-TEX to make the necessary repairs. It chose not to do so. Appellant adopted a posture of delay. The same excuses given in 1982 were given in 1985. The decision of the Board should be carried out without further delay. Accordingly, the Order is affirmed. This Court will not entertain any petitions for rehearing. This opinion is final when filed.

IT IS SO ORDERED.